UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HEATHER HATOUNIAN,

                Plaintiff,

v.                                                              3:15-CV-1194
                                                                (GTS/WBC)
CAROLYN W. COLVIN
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LACHMAN & GORTON                                PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.                     JOSHUA L. KERSHNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Heather Hatounian, against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted; (2) Plaintiff's objections to the Report and Recommendation; and (3) Defendant's

response to Plaintiff's objections. (Dkt. Nos. 15-17.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes six arguments in objection to Magistrate Judge Carter's Report and Recommendation. First, Plaintiff argues that Magistrate Judge Carter improperly correlated Plaintiff's deficits in maintaining attention and concentration with job complexity. (Dkt. No. 16 at 1-5.)[1] Second, Plaintiff argues that Magistrate Judge Carter failed to address Plaintiff's argument that she cannot maintain acceptable levels of work pace and would be unacceptably off-task.
(*Id.* at 1, 5-6.) Third, Plaintiff argues that, in weighing Dr. Yanusas's opinion concerning Plaintiff's limitation maintaining attention and concentration, maintaining acceptable levels of work pace, and staying on task, Magistrate Judge Carter improperly considered Plaintiff's alertness, ability to engage in logical and goal-directed thoughts, fair insight and judgment, and ability to follow complex commands. (*Id.* at 1, 6-7.)

Fourth, Plaintiff argues that, while Magistrate Judge Carter addressed Plaintiff's ability to handle stress generally, he failed to address Plaintiff's argument that she cannot handle stress on an "occasional" basis. (*Id.* at 1, 7-10.) Fifth, Plaintiff argues that, while Magistrate Judge Carter generally addressed Plaintiff's argument concerning the weight afforded to Dr. Altmansberger's opinion, he (1) erroneously concluded that assessments of "moderate" impairments permit Plaintiff to perform unskilled work, and (2) failed to consider Plaintiff's arguments concerning application of the regulatory factors. (*Id.* at 1-2, 10-13.)

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the page numbers contained in the parties' respective motion papers.

Sixth, and finally, Plaintiff essentially argues that the Court should reject Magistrate Judge Carter's recommendation that the ALJ's step five determination was supported by substantial evidence because it relied on vocational expert testimony based on a hypothetical that did not accurately represent Plaintiff's limitations. (*Id.* at 2, 12-13.)

## II. DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Generally, Defendant makes five arguments in her response to Plaintiff's objections to Magistrate Judge Carter's Report and Recommendation. First, Defendant argues that Plaintiff was not disabled due to a deficit in concentration, persistence or pace. (Dkt. No. 17 at 1-7.) Second, Defendant argues that Plaintiff was able to maintain an acceptable level of work pace. (*Id.* at 7-8.) Third, Defendant argues that the ALJ properly addressed Plaintiff's limitation dealing with stress. (*Id.* at 8-11.) Fourth, Defendant argues that the ALJ did not err in considering Dr. Altmansberger's assessment. (*Id.* at 11-12.) Fifth, and finally, Defendant argues that the ALJ properly relied on vocational expert testimony at step five of the sequential analysis. (*Id.* at 12-13.)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an

objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## IV. ANALYSIS

To the extent that Plaintiff's first through fifth objections (as set forth above in Part I. of this Decision and Order) raise specific objections to Magistrate Judge Carter's findings, the Court reviews these portions of the Report and Recommendation *de novo*. For the ease of analysis, Plaintiff's objections will be reorganized and consolidated below.

Regarding Plaintiff's second objection, the Court notes that Magistrate Judge Carter explicitly addressed Plaintiff's ability to maintain work pace and remain on task. (Dkt. No. 15 at 9-14.) Moreover, the Court agrees with Magistrate Judge Carter that the ALJ's mental RFC determination was supported by substantial evidence, including consultative examiner Dr. Loomis's opinion that Plaintiff could maintain attention and concentration, and maintain a regular schedule. (*Id.*)

Regarding Plaintiff's first and third objections, the Court finds that Magistrate Judge Carter properly determined that Dr. Yanusas's restrictive opinion (as to Plaintiff's limitation maintaining attention and concentration, maintaining work pace, and staying on task) conflicted with (1) Dr. Yanusas's own mental status examination notes and findings (i.e., that Plaintiff was alert and able to follow complex commands, and exhibited logical and goal-directed thoughts, and fair insight and judgment) and (2) Dr. Loomis's opinion that Plaintiff could maintain attention and concentration, maintain a regular schedule, follow and understand simple directions and

4

instructions, and perform simple tasks independently.² (Dkt. No. 15, at 9-13.)

Regarding Plaintiff's fourth and fifth objections, the Court finds that Magistrate Judge Carter appropriately considered Plaintiff's arguments and correctly determined that the ALJ's mental RFC was supported by substantial evidence, including Dr. Loomis's opinion that Plaintiff could perform simple, routine, repetitive work despite her limitation dealing with stress appropriately.³ (Dkt. No. 15, at 4, 13-16.)

Regarding Plaintiff's sixth objection (as set forth above in Part I. of this Decision and Order), the Court finds that Plaintiff's objection merely reiterates arguments presented in her initial brief. (*Compare* Dkt. No. 16 *with* Dkt. No. 12.) Therefore, the Court reviews the balance of Magistrate Judge Carter's Report and Recommendation for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 15.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) For these reasons, and for the reasons set forth in Defendant's response to Plaintiff's objections, the Report and Recommendation is accepted and adopted in its entirety. (Dkt. Nos. 15, 17.)

Finally, the Court notes that Plaintiff filed a reply to Defendant's responses to her objections on February 10, 2017. (Dkt. No. 18.) As an initial matter, Plaintiff may not file such a

---

² *See, e.g., Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (finding that an ALJ was not required to afford controlling weight to a physician's opinion that conflicted with his own treatment notes); *Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir. 2008 ) ("Generally, the opinion of the treating physician is not afforded controlling weight where the treating physician issued opinions that are not consistent with the opinions of other medical experts.") (quotation marks and alterations to original quotation omitted).

³ *See Woodmancy v. Colvin,* 12-CV-0991, 2013 WL 5567553, at *4 (N.D.N.Y. Oct. 9, 2013) (holding that the ALJ did not err in failing to make specific accommodations for a plaintiff's impaired ability to cope with work stress in the RFC because the ALJ relied on the opinion of a medical expert who opined that the plaintiff could still perform basic work tasks despite his difficulty handling stressors).

reply as a matter of right, and leave to file the reply was neither sought nor granted in this case. As a result, the arguments asserted in the reply are not properly before the Court. However, even if the Court were to consider those arguments, it would find them to be lacking in merit for the reasons stated herein.

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: February 15, 2017
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge